

U.S. Department of Justice
S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

(503) 727-1000
Fax (503) 727-1117

January 6, 2015

Gerald Needham
Assistant Federal Defender
101 SW Main St., Suite 1700
Portland, Oregon 97204

Re: *United States v. Christopher Michael Enos*
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Counts One through Three of the attached Information, which charges the crimes of Theft of Government Property in violation of Title 18, United States Code, Section 641.

3. **Penalties**: The maximum sentence on each count is one year imprisonment, a fine of up to $100,000, and a $25 fee assessment.

4. **Dismissal/No Prosecution**: The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2B1.1((a)(2), (b)(E), is set at Base Offense Level 14, prior to adjustments since the amount of loss is greater than $70,000 but less than $120,000. A further four-level downward variance pursuant to 18 U.S.C. § 3553(a)(1) is applied for a combination of factors, including waiver of motions and prompt disposition. The parties recognize defendant's financial gain in this case was disproportionately minimal in comparison to the costs involved in replacing the copper metal stolen from the victim Federal Deposit Insurance Corporation. The total adjusted offense level following the recommended downward variance is 10.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8. **Joint Sentencing Recommendation**: The USAO and defendant will jointly recommend a five-year term of probation, with a condition that defendant pay a total of $75 in fee assessments at the time of sentencing, perform 100 hours of community service, and pay mandatory restitution of $120,000.

9. **Restitution/Abandonment Provisions:**

   A. **Restitution**: By signing this agreement, defendant knowingly and voluntarily agrees that a restitution order in the sum of $120,000 will be entered against him in favor of Great American Assurance Company, to be paid through the Clerk of the Court to White and Williams, LLP, 1650 Market Street, One Liberty Place, Suite 1800, Philadelphia, PA 19103-7395. Defendant agrees that, while the district court sets the payment schedule, this schedule may be exceeded if and when defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available. The parties agree that this restitution order is one in which any convicted co-defendant will be jointly and severally liable with the other defendant named in this case.

   B. **Abandonment of Property**: Defendant knowingly and voluntarily abandons the tools, firearms, ammunition, holster, machete, binoculars, back pack, flashlight, latex gloves, a "shiv" style weapon, brass knuckles, and related materials seized on August 26, 2012. Defendant's plea specifically authorizes law enforcement agents to examine the thumb drive seized on August 26, 2012, as well as two cell phones seized on that date. If the lawful owner of the firearm, or firearms, ammunition, holster is not the defendant, and their identity of the true owner is satisfactorily established by government agents, and that person or persons is/are lawfully

entitled to possess the firearms, ammunition, and holster, government agents may choose to return the firearms to the lawful owner.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, and specifically agrees to waive any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

11. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

14. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

15. **Deadline for Acceptance**: This plea offer will expire on December 30, 2014 at 5:00 p.m. if not accepted prior to that time.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

JOHNATHAN S. HAUB
Assistant United States Attorney

cc: SA Andrew Chase, FBI

## CERTIFICATION OF COUNSEL AND ACCEPTANCE OF PLEA OFFER

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

1/8, 2015
Date

Christopher Michael Enos, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1-8-, 2015

Gerald Needham
Attorney for Christopher Michael Enos